IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

STEPHEN ANTWAUN SCOTT,

    Plaintiff,

v.

STATE OF GEORGIA APPLING COUNTY SUPERIOR COURT,

    Defendant.

CIVIL ACTION NO.: 2:18-cv-31

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Appling County Detention Center in Baxley, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983, contesting current criminal proceedings against him. (Doc. 1.) Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 4.) For the reasons that follow, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. Furthermore, I **RECOMMEND** that the Court **DISMISS with prejudice** Plaintiff's claims against Defendant, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be *sua sponte* dismissed). This R&R constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the District Court will review *de novo* properly submitted objections. See 28 U.S.C. §

## PLAINTIFF'S ALLEGATIONS[2]

Plaintiff asserts that on January 14, 2018, at 10:36 p.m., Defendant violated his due process rights by prohibiting him from challenging the personal jurisdiction of the State of Georgia. (Doc. 1, p. 5.) Plaintiff argues Defendant failed to "protect" his right to challenge personal jurisdiction. (Id.) As relief, Plaintiff ostensibly seeks an injunction but is unclear as to what that injunction should remedy. (Id. at pp. 1, 5.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's R&R constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond). Additionally, this R&R provides Plaintiff the opportunity to amend his Complaint to correct the deficiencies noted herein. See Fed. R. Civ. P. 15. Should Plaintiff seek to amend his Complaint, he must file the amendment within **fourteen (14) days** from the date of this R&R.

[2] The below recited facts are taken from Plaintiff's Complaint, (doc. 1), and are accepted as true, as they must be at this stage.

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent

standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Dismissal under Eleventh Amendment Immunity

Plaintiff seeks injunctive relief against Defendant Superior Court of Appling County, Georgia.[3] As an instrumentality of the State of Georgia, a suit against the Appling County Superior Court would be the same as a suit against the State of Georgia. "The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98–100 (1984)). A lawsuit against a state agency or employee in its official capacity is no different from a suit against a state itself; such a defendant is immune. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that the state and its "arms" are not "persons" amenable to suit under Section 1983).

In enacting Section 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Id. at 67. Arms or agencies of the state, such as the Superior Courts and the Department of Corrections, are therefore immune from suit. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam)

---

[3] Plaintiff names the Defendant as the "State of Georgia" with the title "Appling County Superior Court." (Doc. 1, p. 2.) To the extent that Plaintiff seeks to sue the State of Georgia directly, those claims would due to be dismissed for the same reason that any claims against the Appling County Superior Court must be dismissed.

4

("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [Georgia] has consented to the filing of such a suit."); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Pugh v. Balish, 564 F. App'x 1010, 1013 (11th Cir. 2014) ("In addition, the Eleventh Amendment bars [plaintiff's] claims against the [superior court judge], since [plaintiff] is suing a state official, in federal court, for damages resulting from actions taken by the judge in his official capacity."); Stevens, 864 F.2d at 115 (Georgia Department of Corrections is barred from suit by Eleventh Amendment).

Because the State of Georgia would be the real party in interest in a suit against the Appling County Superior Court, the Eleventh Amendment immunizes Defendant from suit even though Plaintiff only seeks injunctive relief. Additionally, the exception under Ex parte Young is inapplicable here because Plaintiff is suing an entity of the state itself rather than a state officer in his or her official capacity.[4] Thus, the Court should **DISMISS** Plaintiff's due process claim against Defendant under Eleventh Amendment sovereign immunity.[5]

---

[4] In Ex parte Young, the Supreme Court held that federal courts are not barred Eleventh Amendment sovereign immunity enjoining state officers from acting unconstitutionally or contrary to other federal law. 209 U.S. 123, 148–50 (1908). While the Ex parte Young exception allows some suits against state officials, it "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).

[5] For these same reasons, to the extent Plaintiff seeks damages in his action against Defendant, that claim is also bared by the Eleventh Amendment. Moreover, even if Plaintiff's Complaint was not barred by the Eleventh Amendment, Plaintiff fails to state a claim upon which relief can be granted. In order to state a claim for relief under Section 1983, Plaintiff must satisfy two elements. First, he must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, Plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff has only levied conclusory allegations, and he has failed to sufficiently allege how the Superior Court or the State of Georgia has deprived him of a right, privilege, or immunity secured by the Constitution or the laws of the United States. Furthermore, while local governments qualify as "persons" under Section 1983, the State of Georgia and the Superior Court of Appling County do not. GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1254 (11th Cir. 2012) ("The State of Georgia, however, is not a 'person' subject to suit under § 1983.") (citing Will, 491 U.S. at 71); Harris v. Superior Court of Decatur Cty., No. 1:14-CV-46, 2014 WL 1216212 (M.D. Ga. Mar. 24, 2014) ("Plaintiff's only named Defendant, the Superior Court of Decatur County, is not a 'person' subject to suit under section 1983. It is neither a natural person, an artificial person, nor a quasi-artificial person subject to such

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[6] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

---

suit."); Salim v. Georgia, No. 4:08-CV-142, 2008 WL 5456003, at *3 (M.D. Ga. Dec. 31, 2008) ("Defendants State of Georgia, Muscogee County Jail, Muscogee County Superior Court and Muscogee County Sheriff's Department are not 'persons' within the meaning of 42 U.S.C. § 1983.").

[6] A certificate of appealability is not required in this Section 1983 action.

6

**CONCLUSION**

For the reasons set forth above, the Court **DENIES** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*. (Doc. 4.) Furthermore, I **RECOMMEND** the Court **DISMISS with prejudice** Plaintiff's claims against Defendant, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. However, Plaintiff may amend the Complaint to cure any deficiencies noted in this Report and Recommendation. See Fed. R. Civ. P. 15. Should Plaintiff seek to amend the Complaint, Plaintiff must file the amended complaint within **fourteen (14) days** from the date of this Report and Recommendation.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 9th day of May, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA